DA 08-0145 and DA 08-0146

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 349N

IN THE MATTER OF

    D.H. and J.H.,

Youths in Need of Care.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DN-06-46
Honorable Edward P. McLean, Presiding Judge

COUNSEL OF RECORD:

    For Appellants:

        Edmund F. Sheehy, Jr., Regional Deputy Public Defender;
Missoula, Montana

    For Appellee:

        Hon. Mike McGrath, Montana Attorney General; C. Mark Fowler,
Assistant Attorney General; Helena, Montana

        Lucy W. Darty, Assistant Attorney General; Missoula, Montana

Submitted on Briefs: September 3, 2008

Decided: October 16, 2008

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and West Group in the quarterly table of noncitable cases issued by this Court.

¶2      Mother A.H. and Father C.H. appeal the order of the Fourth Judicial District Court terminating their parental rights.  We affirm.

¶3      On August 19, 2006, law enforcement arrested A.H. and C.H. on felony drug charges.  After receiving notice of the arrest, the Department of Public Health and Human Services (DPHHS) removed D.H. and J.H. from their parents' care.

¶4      On January 22, the District Court approved treatment plans for both parents.  On November 5, 2007, DPHHS filed a petition to terminate the parents' rights.  On February 25, 2008, following hearings, the court ordered termination of the parental rights of A.H. and C.H. on the grounds they had failed to complete their treatment plans and the conditions rendering them unfit were unlikely to change within a reasonable time. The children never returned to their parents' custody, remaining in the State's care from the date of their initial removal until the termination hearing, approximately sixteen months.

¶5     A.H. and C.H. argue that the District Court erred in concluding the treatment plans for both parents were appropriate. Specifically, they contend the plans did not address their individual problems, that the father's plan was treated as if subordinate to that of the mother's, thereby denying him sufficient time to comply, and that the State did not act in good faith to reunify the family.

¶6     We review a district court's decision to terminate parental rights for abuse of discretion. *In re L.H.*, 2007 MT 70, ¶ 13, 336 Mont. 405, ¶ 13, 154 P.3d 622, ¶ 13. As a parent's right to the custody of his or her children is a fundamental right, district courts must make specific findings of fact as provided in § 41-3-609, MCA. *In re L.H.*, ¶ 13. Section 41-3-609, MCA, provides that parental rights may be terminated if a court finds that clear and convincing evidence establishes the parents failed to comply with an appropriate treatment plan that has been approved by the court. We review these findings of fact to determine whether they are clearly erroneous. *In re L.H.*, ¶ 13. We review a district court's conclusion of law for correctness. *In re L.H.*, ¶ 13.

¶7     The crux of the parents' argument is that their treatment plans were not appropriate. A bright line definition of an appropriate treatment plan does not exist. *In re D.B. & D.B.*, 2007 MT 246, ¶ 32, 339 Mont. 240, ¶ 32, 168 P.3d 691, ¶ 32. In its absence, we consider a number of factors such as whether the parent was represented by counsel, whether the parent stipulated to the plan, and whether the plan considers the individual problems facing both parent and child. *In re D.B.*, ¶ 32.

¶8 Both A.H. and C.H. were represented by counsel throughout the termination proceedings, and each parent stipulated to their respective treatment plans. The treatment plans were comprehensive, addressing the needs of the parents and the children. The State required the parents obtain employment (or other source of income), visit the children, and properly maintain a home, and attend various types of counseling to address their personal, relationship, and parenting problems. The treatment plans included provisions specifically addressing their substance abuse problems. Both A.H. and C.H. were required to obtain chemical dependency evaluations from an approved counselor, follow through with the counselor's recommendations, cease use of alcohol or drugs, and submit to testing for prohibited substances.

¶9 The parents were advised during hearings in January, February, July, and August of 2007 of the urgent need to comply with the treatment plans and that failure to comply would result in the filing of petitions to terminate their parental rights. Evidence presented at the termination hearing indicated the counseling sessions and classes could be arranged to accommodate the parents' work commitments. The counselors informed the parents that the primary treatment concern was their substance abuse problems.

¶10 C.H. completed the intensive inpatient treatment on June 18, 2007, after which he refused to go to individual therapy or relationship counseling, obtain employment, visit his children, or cease using prohibited substances. He was arrested on April 28, 2007, for probation violations after testing positive for drugs, and then arrested again on September 22, 2007, for felony drug possession. C.H. had over six months between the

4

completion of inpatient treatment and the termination hearing to demonstrate an ability to make behavioral and lifestyle changes.

¶11    A.H. completed the residential treatment program but continued to drink.  She failed to enroll in all of the required counseling programs, did not follow the recommendations of her psychological evaluation, failed to attend scheduled visits with the children, and did not maintain consistent contact with the social worker.  She was arrested on October 19, 2007, on felony DUI charges, at which time she admitted to drinking.  During the sixteen months prior to the termination hearing, both A.H. and C.H. tested positive for drugs and alcohol numerous times.

¶12    We conclude that the District Court did not err by determining that the treatment plans were appropriate and reasonable for each parent.  The evidence indicates that A.H. and C.H. were aware of the urgency to complete their treatment plans.  The State provided both parents with ample time and resources to modify their behavior so that they could become fit to regain custody of their children.  Accordingly, the District Court properly concluded that the conduct rendering C.H. and A.H unfit as to parent was unlikely to change within a reasonable time.

¶13    It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section I.3 of our 1996 Internal Operating Rules and providing for memorandum opinions.  It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law, which the

District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

¶14    We affirm the judgment of the District Court.

/S/ JIM RICE

We concur:

/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER